```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CLIFFORD WILLIAM CONNOLLY,

                Petitioner,

vs.                                    Case No. 2:04-cv-570-FtM-29DNF
                                                    Case No. 2:02-cr-89-Ftm-29DNF

UNITED STATES OF AMERICA,

                Respondent.
_____/

## OPINION AND ORDER

This matter comes before the Court on Clifford William Connolly's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv Doc. #1)[1] filed on November 23, 2004. The United States filed its Response (Cv Doc. #14) on January 28, 2005. Also before the Court is the United States' Motion to Strike, or in the Alternative, to Stay Petitioner's Motion to Vacate, Set Aside or Correct Sentence and Memorandum of Law (Cv Doc. #13) filed on January 24, 2005. Petitioner filed his Objection (Cv Doc. #15) on February 2, 2005.

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. To avoid confusion, the Court will refer to the docket of Connolly v. United States, No. 2-04-cv-570, as "Cv Doc.", and will refer to United States v. Connolly, No. 2:02-cr-89-FtM-29DNF, as "Cr Doc."

**I.**

On October 2, 2002, a federal grand jury in Fort Myers, Florida returned an Indictment charging petitioner Clifford Connolly (petitioner or Connolly) with one count of possessing a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Cr Doc. #1). Connolly pled guilty pursuant to a written Plea Agreement (Cr Doc. #38), and on April 28, 2003, was sentenced to thirty-seven months imprisonment, thirty-six months supervised release, and a $100 special assessment. (Cr Doc. #49).

Connolly filed a direct appeal (Cr Doc. #59) of an Amended Judgment (Cr Doc. #58), and on December 8, 2003, the Eleventh Circuit Court of Appeals dismissed the appeal pursuant to a sentence waiver provision in the Plea Agreement. (Cr Doc. #70).

On July 8, 2004, Connolly filed a motion to modify sentence, pursuant to 18 U.S.C. § 3582, arguing that in light of Blakely v. Washington, 542 U.S. 296 (2004), the district court erred in using his prior felony drug conviction to calculate his base offense level and corresponding criminal history category under the United States Sentencing Guidelines. (Cr Doc. #78). The Court denied the Motion to Modify Sentence on July 22, 2004. (Cr Doc. #79). Connolly appealed, and on March 31, 2005, the Eleventh Circuit *per curiam* vacated and remanded the matter for the district court to dismiss for lack of jurisdiction. (Doc. #90). The mandate was

issued on July 5, 2005; on July 11, 2005, the Court vacated the Order, and reinstated Connolly's Motion to Modify and Correct Sentence Pursuant to the Federal Rule of Criminal Procedure 3582(b)(3) and (c)(i)(B), and dismissed the § 3582 Motion for lack of jurisdiction. (Cr Doc. #91).

## II.

The government's Motion to Strike, or in the Alternative, to Stay Petitioner's Motion to Vacate, Set Aside or Correct Sentence argues the instant § 2255 Motion is a second or successive motion, and as such is precluded by the Antiterrorism and Effective Death Penalty Act ("AEDPA") unless the Eleventh Circuit Court of Appeals grants leave. 28 U.S.C. § 2255.  When an inmate has previously filed a § 2255 motion to vacate his sentence, he must apply for and receive permission from the court of appeals before filing a second or successive § 2255 motion. Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005).

The government's argument turns on whether Connolly's § 3582 motion should be construed as a motion under § 2255.  The Court concludes that it should not be so construed.  The Eleventh Circuit held that the district court had no jurisdiction to consider the § 3582 motion on the merits, and declined to consider it as a § 2255 petition.  (Doc. #90, p. 5).  Therefore, the § 3582 motion cannot constitute a first § 2255 petition, and the Motion to Strike is denied.

Alternatively, the government requested a stay of the proceedings during the pendency of the appeal of the Court's Order denying Connolly's § 3582 Motion.  In light of the Eleventh Circuit's March 31, 2005 decision, the Court will deny the Motion to Stay as moot.

### III.

Connolly's § 2255 Petition puts forth the following two claims: (1) his Sixth Amendment rights were violated because the district court sentenced Connolly under the Sentencing Guidelines, in contravention of the holding in Blakely [now United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005)]; and (2) he received ineffective assistance of counsel because his attorney failed to raise objection to relevant conduct as a constitutional issue under Apprendi v. New Jersey, 530 U.S. 466, (2000) and Blakely.

Petitioner cannot prevail on his first claim.  The Eleventh Circuit has clearly held that Booker does not apply retroactively to cases on collateral review.  Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).  Since petitioner's case became final prior to Booker, the issue cannot be raised in a § 2255 petition. Additionally, the waiver of appeal provision in petitioner's Plea Agreement includes a waiver of collateral challenge and is broad enough to include the Booker/Blakely issue[2]. United States v. Frye,

---

[2]The Plea Agreement (Doc. #38) contained the following
(continued...)

402 F.3d 1123, 1129 (11th Cir.), cert. denied, 125 S. Ct. 2986 (2005); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005). The Eleventh Circuit has already found this provision to be enforceable in this case. (Doc. #70, p. 3).

Petitioner also cannot prevail on his claim of ineffective assistance of counsel. Petitioner claims that his counsel performed deficiently by failing to make an Apprendi argument pertaining to the relevant conduct used as a factor in his sentencing. Because of trial counsel's failure to object on this ground, petitioner asserts that the Court inappropriately considered petitioner's prior felony conviction as "relevant conduct" without posing the factual dispute to a jury.

---

[2](...continued)
provision:

> The defendant understands and acknowledges that the defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any group, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. <u>Massaro v. United States</u>, 123 S. Ct. 1690 (2003). The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). <u>See</u> <u>also</u> <u>Wiggins v. Smith</u>, 123 S. Ct. 2527, 2535 (2003); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) (quoting <u>Strickland</u>, 466 U.S. at 690). This judicial scrutiny is "highly deferential." <u>Id</u>. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise a meritless issue. <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992). In light of the general principles and presumptions applicable to ineffective assistance of counsel

-6-

claims, the cases in which habeas petitioners can prevail are few and far between. Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir. 2000)(*en banc*), cert. denied, 531 U.S. 1204 (2001).

Having reviewed the record, the Court finds that trial counsel's performance was not deficient. Petitioner contends that this claim is based on trial counsel's failure to argue that the use of relevant conduct under the Sentencing Guidelines violates Apprendi. The Eleventh Circuit, however, repeatedly held that Apprendi did not apply to Sentencing Guidelines facts in general and relevant conduct in specific. United States v. Le, 256 F.3d 1229, 1240 (11th Cir. 2001)(Sentencing Guidelines are not subject to Apprendi); United States v. McClain, 252 F.3d 1279, 1284 n.12 (11th Cir. 2001)(Apprendi does not apply to relevant conduct under the Sentencing Guidelines); United States v. Harris, 244 F.3d 828 (11th Cir. 2001)(Apprendi does not apply to drug quantities outside scope of indictment considered as relevant conduct); United States v. Nealy, 232 F.3d 825, 829 n.2 (11th Cir. 2000)(Apprendi does not apply to firearm enhancement under Sentencing Guidelines). As such, the Court concludes that petitioner's ineffective assistance of counsel claim is without merit.

Accordingly, it is now

**ORDERED:**

1.   The United States' Motion to Strike, or in the Alternative, to Stay Petitioner's Motion to Vacate, Set Aside or Correct Sentence and Memorandum of Law (Cv Doc. #13) is **DENIED.**

2.   The Motion Under 29 U.S.C. Sec. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv Doc. #1) is **DENIED.**

3.   The Clerk of the Court shall enter judgment accordingly, place a copy of this Opinion and Order in both files, and close the civil file.

4.   The Clerk shall update the docket to reflect defendant's current address at: Salvation Army Community Corrections Center, 2400 Edison Avenue, Fort Myers, Florida 33901.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of November, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA
Defendant